**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Linda Joyce Carter** <br> First Name  Middle Name  Last Name | Social Security number or ITIN  **xxx–xx–7824** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Central District of California** | Date case filed for chapter  **13**  **3/6/19** |
| Case number: | **6:19–bk–11799–SY** | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case                                       12/17

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Linda Joyce Carter | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 28378 Championship Dr. <br> Moreno Valley, CA 92555 | |
| 4. | **Debtor's attorney** <br> Name and address | Scott Kosner <br> Law Office of Tyson Takeuchi <br> 1055 Wilshire Blvd <br> Suite 850 <br> Los Angeles, CA 90017 | Contact phone 213–637–1566 <br> Email _____ |
| 5. | **Bankruptcy trustee** <br> Name and address | Rod Danielson (TR) <br> 3787 University Avenue <br> Riverside, CA 92501 | Contact phone (951) 826–8000 <br> Email _____ |
| 6. | **Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. <br> You may inspect all records filed in this case at this office or online at www.pacer.gov. | 3420 Twelfth Street, <br> Riverside, CA 92501–3819 | Hours open: <br> 9:00AM to 4:00 PM <br> Contact phone 855–460–9641 <br> Dated: 3/7/19 |

**6/TRS**

**For more information, see pages 2 and 3**

| 7. **Meeting of creditors** Debtors must attend the meeting to be questioned under oath by the trustee and by creditors. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **April 10, 2019 at 08:00 AM** **The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.** | **Location:** 3801 University Ave., ROOM 101, Riverside, CA 92501 |
|---|---|---|
| 8. **Deadlines** The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** **You must file:** <br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or <br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 6/10/19** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 5/15/19** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 9/3/19** |
| | **Deadlines for filing proof of claim:** A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| 9. **Hearing on Confirmation of Plan** | The hearing on confirmation will be held on: **5/21/19** at **01:30 PM** , Location: **3420 Twelfth St., Crtrm 302, Riverside, CA 92501** The plan will be sent separately by the debtor. | |
| 10. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 11. **Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. The plan will be sent separately by the debtor, and the confirmation hearing will be held on the date shown in line 9 of this notice. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| 13. **Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

**For more information, see pages 1 and 3**

| | | |
|---|---|---|
| 14. | **Proof of Debtor Identification (ID) and Proof of Social Security Number(SSN)** | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state–issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W–2 form, pay stub, payment advice, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
| 15. | **Failure to File a Statement and/or Schedule(s)** | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS,** the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial section 341(a) meeting of creditors and any continuance, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section.<br><br>**SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS,** tendrá que hacerlo dentro de un plazo de 14 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir de el 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. |
| 16. | **Failure to Appear at the Section 341(a) Meeting and Hearing of Confirmation of Chapter 13 Plan** | Appearance by debtor(s) and the attorney for debtor(s) is required at both the section 341(a) meeting and the confirmation hearing. Unexcused failure by the debtor(s) to appear at either the section 341(a) meeting and/or the confirmation hearing may result in dismissal of the case. |
| 17. | **Bankruptcy Fraud and Abuse** | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 3801 University Avenue Suite 720, Riverside, CA 92501–3200. |

**For more information, see pages 1 and 2**